STATE *v.* MITCHELL.

---

STATE OF NORTH CAROLINA v. ROBERT LEE MITCHELL, JR.

(Filed 28 April, 1965.)

1. Larceny § 7—

Evidence *held* sufficient to be submitted to the jury on the issue of defendant's guilt of larceny.

2. Criminal Law § 71—

Findings of fact upon conflicting evidence as to whether a confession was voluntary are conclusive, there being competent evidence to support the findings.

APPEAL by defendant from *Carr, J.,* Second January 1965 Criminal Session of WAKE.

Defendant was tried on a bill charging: (1) breaking and entering a building occupied by Brentwood Estates, Inc., with the intent to commit the crime of larceny; and (2) larceny of a typewriter and two adding machines, having a value of $711.00. The jury found defendant guilty on each count. Prison sentence was imposed. Defendant appealed.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*

*Robert L. McMillan, Jr., for defendant appellant.*

PER CURIAM. Defendant moved for nonsuit. His motion was denied. He assigns this ruling as error, because, as he says, the State failed "to identify the stolen property." The contention is lacking in merit. A

single sentence was imposed. Even if the State had failed to prove own-ership of the adding machines and typewriter, that failure would not prevent a conviction on the charge of breaking and entering; but here the office manager gave the serial numbers of each machine to a deputy sheriff. Machines of the makes and serial numbers listed in the bill of indictment, as furnished the sheriff, were a day or two thereafter re-turned to Brentwood Estates, Inc. by the sheriff. He had gotten them in Washington, D. C., where they were pawned by defendant. A wit-ness for the State testified he had participated in the commission of the crime. They had taken the adding machines and typewriter, and pistols stolen from another store, to Washington, D. C., where the defendant had pawned the stolen articles.

Defendant complains because the court permitted a deputy sheriff to relate a confession made by defendant. The assignment of error does not properly present the question of competency. Even so, we have examined the record and concur in the conclusion reached by the trial court that the confession was competent because freely and voluntarily made. The testimony on which the court based its ruling is to this effect: Between 5:30 p.m., June 24, 1964, and 7:00 a.m. the following morning, the office of Brentwood Estates, Inc., was broken into. Two adding machines and a typewriter were taken. The same night Hill's, a sport-ing goods store, was entered and a number of pistols were taken. On June 25, defendant pawned the adding machines, typewriter, and sev-eral of the pistols in Washington, D. C. A deputy sheriff went to Washington, got the typewriter and adding machines and returned them to Brentwood Estates, Inc. on June 26. Defendant, on June 25, while attempting to pawn a pistol, was arrested by police officers in Wash-ington, charged with carrying a concealed weapon. He was there tried and convicted and given a six months' sentence. On November 28, 1964, the Washington authorities released defendant to the custody of a Wake County deputy sheriff, who brought defendant to Raleigh by au-tomobile. The trip took about four hours. The two were alone in the car during the trip. Defendant was not handcuffed. A few minutes after they reached Raleigh, another deputy sheriff swore out a warrant charg-ing defendant with breaking, entering and larceny. A committing mag-istrate was called to fix bond for defendant. The deputy informed the prisoner that he had a right to counsel, or to communicate with friends or relatives. He was asked if he desired .to do so. He answered "no." Defendant was also informed by the deputy that he was not compelled to answer any questions, and any statement he made could' be used against him when his case was tried. In the presence of the committing magistrate, the prisoner confessed his part in the commission of the crimes charged. .

The confession accorded with the testimony of the State's witness, Chance. Chance had, prior to the offering of the confession, testified that he, defendant and a third person broke into Brentwood's, stole the typewriter and adding machines, and stole the pistols from Hill's. When the confession was offered, defendant objected; but he did not, when the court, in the absence of the jury, heard evidence to determine the competency of the testimony, seek to impeach the testimony of the witness with respect to the voluntariness of the confession by cross examination or by other evidence. In fact, when defendant took the stand in his own defense, he denied making any confession. The only evidence which in any way challenges the finding that the confession was voluntary is the defendant's statement that "Mr. Turner [the deputy] said that he had two boys who would testify against me who had already been tried and been given probation, and he said if I pleaded guilty he might get the same thing for me." This testimony would have been relevant when the court was called upon to pass on the voluntariness of the confession. It would have then presented a simple question: Which of two witnesses should the court believe? When the court determined that question, it settled the question of competency.

The findings made by the court, supported as they are by competent evidence, are conclusive. *State v. Egerton, ante* 328; *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572.

No error.